J. C. STOUT, Appellant, v. SOPHIA A. RUSCHKE et al., Appellees.

INFANTS: Contracts—Failure to Disaffirm Deed—Effect. A minor is
1    absolutely bound by a conveyance executed by him during his minority and not disaffirmed within a reasonable time after he attains his majority.

DEEDS: Fraud—Effect. A fraudulently induced deed is not void
2    *ab initio,* but voidable only.

Headnote 1:   31 C. J. p. 1065.   Headnote 2:   18 C. J. p. 242.

*Appeal from Sac District Court.*—E. G. ALBERT, Judge.

FEBRUARY 10, 1925.

ACTION in partition. Decree for defendants. Plaintiff appeals.—*Affirmed.*

*Mitchell, Files & Mulholland* and *Malcolm Currie,* for appellant.

*W. A. Helsell,* for appellees.

DE GRAFF, J.—This is an action in equity, for the partition of a Sac County, Iowa, farm of 240 acres, the legal title to which is in Sophia A. Ruschke, the surviving spouse of Albert
1. INFANTS: con-     Ruschke, who died intestate, May 5, 1914. The
tracts: failure      plaintiff is the surviving husband of Olga
to disaffirm
deed: effect.        Ruschke Stout, daughter of Albert and Sophia.
On September 23, 1915, all of the sons and daughters of the

decedent, Albert Ruschke, joined in a warranty deed conveying the farm to their mother, Sophia. The consideration expressed in the deed is one dollar and other valuable consideration. At the time of this conveyance, three of the grantors, who were joined as defendants in this action, were minors. The land was incumbered by two mortgages, one for $3,500 and one for $1,000, which were excepted from the covenants of the deed. Olga, the deceased wife of appellant, was between 17 and 18 years of age at the time the deed was executed. She died July 29, 1919. On April 21, 1921, the widow, Sophia, entered into an agreement in writing with all of her surviving children, including the husbands' or wives, respectively, for the purpose of settling all differences between them. The agreement confirms the deed of conveyance; but it was further stipulated and agreed that Sophia should not sell or incumber the land or make a will, and that at her death it should go to her children, share and share alike, with an additional provision for paying certain sums as compensation for services rendered, to certain named children who remained at home after attaining their majority. The written agreement required Sophia to make further provision concerning the land, in the event of her marriage. Sophia has been in full charge and management of the farm since the deed was executed, and has paid off and discharged all incumbrances.

Appellant alleges in his petition that he is the absolute owner of an undivided one-twenty-first interest in the farm. He predicates his ownership to an aliquot part of the land on the claim that Olga, his deceased wife, was a minor at the time the deed was executed, and that the conveyance is tainted with fraud, actual or constructive. The record leaves no doubt that, at the time of this trial, the living grantors fully comprehended the legal effect of the instrument executed. The two younger children may not have fully comprehended the legal effect of the instrument when executed; but neither of them subsequently complained, nor do they now object to the arrangement as made. Olga and her mother were permanently estranged, upon the marriage of the former to the appellant; and some testimony was offered tending to show that Olga, upon two or more occasions, asserted some claim to an interest in the land, and objected to a proposed lease of it to her sister's husband. Ap-

pellant does not dispute the well established principle that a minor is bound by his contracts unless he disaffirms before or within a reasonable time after reaching his majority (Section 10493, Code of 1924) ; but prosecutes this action upon the theory that the deed was void *ab initio*. It is clear that no actual fraud was established, and the arrangement is not shown to have been prejudicial to the minor grantors. It must be presumed that they knew of their right of disaffirmance; but none of them have availed themselves of that right. Olga lived several years after she attained her majority, and the other children have since ratified and confirmed the arrangement. The effect of the new agreement was to postpone their right to receive their share. The real purpose of all of the parties to the transaction was to invest the mother with title to the land, with the understanding that she would retain it until her death, when the children would receive their share of the property. We discover no ground upon which to declare the instrument void. A consideration was expressed in the deed, and the grantee subsequently paid the incumbrances upon the land. Love and affection between the parties constitute a good consideration. This deed is valid on its face. The title vested in the grantee, and remains vested until a voluntary reconveyance is made, or a decree canceling it is entered in a court of competent jurisdiction. Although a deed may be obtained by fraud, which is absent in this case, the title passes, and remains in the grantee until it is set aside by decree of court. The evidence in the instant case amply sustains ratification

2. DEEDS: fraud: effect.

and acquiescence on the part of the minor grantors. No one of them ever repudiated the transaction. Plaintiff herein cannot successfully maintain his action for partition unless he proves his allegation that he is the absolute owner of an aliquot part of the real estate involved, and is entitled to the immediate possession of the land. The burden of proof was upon the plaintiff; and under the circumstances of this case, it did not shift. That the transaction was fair and open admits of no doubt; and the doctrine of fiduciary relationship cannot be invoked. No question of trust arises, under the pleadings.

We discover no ground which entitles plaintiff to favor-

able consideration in a court of equity. Wherefore, the judg-
ment and decree entered is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.